# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:18-cr-00225-03

TODD LAND,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion to Revoke or Amend Magistrate's Order Detaining Defendant* (Document 271), Magistrate Judge Omar J. Aboulhosn's *Order* (Document 239) denying reconsideration of the order of detention, and the *Detention, Removal, and Commitment Order* (Document 143) entered by the Honorable Sharon L. Ovington, United States Magistrate Judge for the Southern District of Ohio. The Court has further reviewed the transcript of the detention hearing held before Magistrate Judge Ovington on September 25, 2018 (Sept. 25 Tr.) (Document 292) and a rough transcript of the December 18, 2018 hearing addressing a motion for reconsideration of detention held before Magistrate Judge Aboulhosn, produced for the Court's use. The Court has also reviewed the exhibits submitted by the Defendant in connection with that hearing (Document 242) and the Pretrial Services Report. For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Todd Land, is charged in Count One of a two-count, seventeen-defendant Superseding Indictment (Document 19)[1] with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. During the initial Ohio detention hearing, FBI Special Agent Robert Buzzard testified that he observed Mr. Land as a result of surveillance related to an expected large shipment of illegal narcotics. He was first seen with co-Defendants Aurelius Edmonds and Antoine Terry outside a nightclub on about September 15, 2018. Officers tracked a drug shipment that included approximately 155 pounds of drugs, primarily crystal methamphetamine, and stopped the individual with the drugs, then arrested Mr. Land, together with Mr. Edmonds and Mr. Terry, in the nightclub parking lot approximately a quarter mile away from the drug shipment. Special Agent Buzzard testified that he believed Mr. Land was a coordinator for the load who had flown in for the purpose of ensuring that the drugs arrived and were passed on to local conspirators. Evidence related to the case was obtained through wiretaps.

Mr. Land resides in Arizona with his spouse and their five children. He owns and operates an auto shop and travels periodically to Mexico to get chrome for his business.

Judge Ovington ordered that Mr. Land be detained, finding that no conditions or combination of conditions would reasonably assure his appearance and provide for the safety of the public "based upon the seriousness of the alleged offense, the amount of drugs involved, [and] the presumption." (Sept. 25 Tr. at 9::21-25.)

---

1 The Superseding Indictment was filed on October 10, 2018, after the initial detention hearing. The charge as to Mr. Land was unchanged from the original indictment.

During the December 18, 2018 hearing before Judge Aboulhosn, Mr. Land's counsel emphasized his lack of criminal history, family ties and family obligations in his home state of Arizona and business obligations. He indicated that his family was prepared to purchase flights between Arizona and West Virginia if he were released to West Virginia, or to find a suitable residence for him within the Southern District of West Virginia if he were released pending trial. Judge Aboulhosn ordered that Mr. Land remain detained pending trial. He found that there was no material change in circumstances since Judge Ovington issued the initial detention order, that there was no evidence sufficient to rebut the presumption that Mr. Land is a flight risk and a danger to the community.

## STANDARD OF REVIEW

The Magistrate Judge's order details the law governing release or detention pending trial as contained in 18 U.S.C. § 3142. This Court reviews that order de novo, pursuant to 18 U.S.C. § 3145(a)(1). *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release."). The United States invoked the rebuttable presumption for detention applicable to controlled substance offenses with potential sentences of ten or more years. 18 U.S.C. § 3142(e)(2). Thus, the issue is whether the Defendant has demonstrated that there are conditions of release that would reasonably assure his appearance at trial and the safety of any other person and the community.

**DISCUSSION**

Mr. Land argues that his detention "is not based on clear and convincing evidence of danger to the community or risk of flight" and is contrary to the "general policy favoring release underlying the Bail Reform Act of 1984." (Mot. at 2-3.)

Because Mr. Land is changed with a crime under the Controlled Substances Act with a maximum term of imprisonment of ten years or more, the rebuttable presumption favoring detention applies. 18 U.S.C. § 3142(e); *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Thus, the burden of production is on Mr. Land to produce evidence suggesting that the presumption is unwarranted. "If the defendant successfully rebuts the presumption, the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted." *Id.* at 488.

> In determining a defendant's suitability for bond, the Court must take into account the following factors: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *4 (S.D.W. Va. Feb. 7, 2014) (Johnston, J.) (citing 18 U.S.C. § 3142(g)).

The Court finds that Mr. Land has not rebutted the presumption. As to danger to the public, he relies on his lack of criminal history, but appears to concede that the weight of the evidence against him is significant. The offense charged, involving a major methamphetamine drug trafficking conspiracy, is quite serious and poses a significant danger to the public. As to flight risk, Mr. Land has strong family ties to his home in Arizona, as well as financial ties in the form of his business. However, he has no ties to this district beyond the instant charge and he has a history of international travel to Mexico related to his business. The charged offense of conspiracy to distribute 500 grams of more of a mixture or substance containing methamphetamine carries a ten-year mandatory minimum, with a maximum penalty of life imprisonment. Even absent the presumption, the circumstances would warrant detention. The weight of the evidence against Mr. Land, his lack of ties to this district, his history of travel to Mexico, and the length of the prison term he is facing create a substantial risk of flight.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Revoke or Amend Magistrate's Order Detaining Defendant* (Document 271) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal. ENTER: March 5, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA