**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                           CRIMINAL ACTION NO. 2:18-cr-00225-03

TODD LAND,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Modify Sentence* (Document 997) and the attached exhibits (Document 997-1).   The Defendant requests that his sentence be modified to permit him to complete the remainder of his term of incarceration on home confinement.   He indicates that he has pre-existing conditions that place him at high risk should he contract COVID-19, while he is rated low risk for reoffending.   He has exhausted administrative remedies.   The United States has not filed a response, although the Defendant indicates that it did not consent to the motion.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering

the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation).   The analysis requires fact-specific inquiry into the defendant's circumstances and offense.   The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

On March 11, 2020, the Court imposed a sentence of 84 months of incarceration, to be followed by five years of supervised release, for the Defendant's conviction for conspiracy to distribute 500 grams or more of methamphetamine.   His sentence was a substantial downward variance from the guideline range of 135 to 168 months.   The offense was quite serious, involving

2

the transport of more than 100 pounds of methamphetamine intended for distribution in this region. It was the Defendant's first offense, and his involvement was limited to helping arrange and manage the drug shipment.   He accepted responsibility and consistently expressed remorse.   The Defendant has strong family ties, as well as strong employment history.

This case involved several defendants, some yet to be sentenced, and the Court has sought to avoid unfair sentencing disparity while imposing sentences that reflect each defendant's individual role in the offense, history, and characteristics.   The Defendant's pre-existing conditions, including nephrotic syndrome, IgA nephropathy, chronic kidney disease, hypertension, gout, polyarthropathy, and hyperlipidemia, place him at heightened risk for serious complications should he contract Covid-19.   The Court does not take that risk lightly.[1]   However, the Court finds that the 3553(a) factors do not support early release, and granting his motion would produce unwarranted sentencing disparity between the Defendant and others, both among all defendants convicted of similar offenses and the other defendants involved in this case.   The Defendant's offense was serious and releasing the Defendant after serving less than half of his sentence would not meet the goals of sentencing, including just punishment and deterrence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Modify Sentence* (Document 997) be **DENIED**.

---

1 The Court's order is not intended to express any opinion regarding any remedies related to the conditions of confinement that might be available through the BOP or a court with jurisdiction over the facility in which the Defendant is confined.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    December 15, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4